IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CLEAR WITH COMPUTERS, LLC<br><br>Plaintiff,<br><br>v.<br><br>LINDE MATERIAL HANDLING NORTH AMERICA CORPORATION,<br><br>Defendant. | Civil Action No. _____<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement of U.S. Patent No. 7,606,739 and U.S. Patent No. 5,625,776, in which Clear With Computers, LLC makes the following allegations against Linde Material Handling North America Corporation:

## PARTIES

1.      Plaintiff Clear With Computers, LLC ("CWC") is a Texas limited liability company with its principal place of business at 719 W. Front Street, Suite 242, Tyler, Texas 75702.

2.      Defendant Linde Material Handling North America Corporation ("Linde") is a Delaware corporation with its principal place of business at 2450 W. 5th N Street, Summerville, South Carolina 29483.  Linde has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, Linde has a regular and established place of business in this district, has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

5.     On information and belief, Linde is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Linde's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,606,739

6.     CWC is the owner by assignment of United States Patent No. 7,606,739 ("the '739 Patent") entitled "Electronic Proposal Preparation System."  The '739 Patent issued on October 20, 2009.  A true and correct copy of the '739 Patent is attached hereto as Exhibit A.

7.     Jerome D. Johnson is listed as the inventor of the '739 Patent.

8.     Linde has directly infringed, literally and/or under the doctrine of equivalents, the '739 Patent in the State of Texas, in this judicial district, and elsewhere in the United States to the injury of CWC by, among other things, having made and/or used computer sales methods, sales systems, marketing methods and/or marketing systems covered by one or more claims of the '739 Patent, including, but not limited to www.lmh-na.com and all related instrumentalities used to deliver web pages from that domain, including related web servers and database servers and their associated software, to, among other things, receive answers to a plurality of questions

from a specific customer related to at least one of a desired feature and desired use by the customer of a tangible product for sale from a user interface; automatically select, in response to at least one of the received answers, an image of the tangible product for sale, an image of an environment in which the product for sale is to be used and a text segment comprised of a description of the product specifications and performances that are of particular interest to the customer; and integrate the selected images and the selected text segment into a proposal for the sale of the product customized to the specific customer such that a single composite visual output can be generated that shows the product in the product environment along with said text segment, wherein the single composite visual output is generated by a selection device operatively interconnected to an active database that is configured to electronically store customer information obtained via the user interface, and a static database that stores electronically at least one of, (a) text; (b) pictures or (c) texts and pictures, relating to at least one product; and the system dynamically building a template utilizing the selection device to fill in the template to produce the single composite visual output. Linde is thus liable for infringement of the '739 Patent pursuant to 35 U.S.C. § 271.

9. To the extent that facts learned in discovery show that Linde's infringement of the '739 Patent has been willful, CWC reserves the right to request such a finding at the time of trial.

10. As a result of Linde's infringement of the '739 Patent, CWC has suffered monetary damages in an amount not yet determined, and is entitled to a money judgment in an amount adequate to compensate for Linde's infringement, but in no event less than a reasonable royalty for the use made of the invention by Linde, together with interest and costs as fixed by the Court.

## COUNT 2

## INFRINGEMENT OF U.S. PATENT NO. 5,625,776

11.     CWC is the owner by assignment of United States Patent No. 5,625,776 ("the '776 Patent") entitled "Electronic Proposal Preparation System for Selling Computer Equipment and Copy Machines."  The '776 Patent issued on April 29, 1997.  A true and correct copy of the '776 Patent is attached hereto as Exhibit B.

12.     Jerome D. Johnson is listed as the inventor of the '776 Patent.

13.     Linde has been and is directly infringing, literally and/or under the doctrine of equivalents, the '776 Patent in the State of Texas, in this judicial district, and elsewhere in the United States to the injury of CWC by, among other things, making and/or using computer implemented sales methods, sales systems, marketing methods and/or marketing systems covered by one or more claims of the '776 Patent, including, but not limited to www.lma-na.com and all related instrumentalities used to deliver web pages from that domain, including related web servers and database servers and their associated software, e.g., to receive information identifying a customer's desired equipment features and uses by presenting the customer with a plurality of questions relating to the features and uses of the equipment, and receiving a plurality of answers to the questions; storing equipment pictures, equipment environment pictures and text segments in the computer; retrieving equipment information for us in generating the customized proposal by electronically selecting a particular equipment picture, equipment environment picture, and text segment in response to at least one of the answers, and automatically compiling the gathered equipment information in the computer into the customized proposal.  Linde is thus liable for infringement of the '776 Patent pursuant to 35 U.S.C. § 271.

14.     To the extent that facts learned in discovery show that Linde's infringement of the

'776 Patent is, or has been willful, CWC reserves the right to request such a finding at the time of trial.

15.     As a result of Linde's infringement of the '776 Patent, CWC has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Linde's infringement, but in no event less than a reasonable royalty for the use made of the invention by Linde, together with interest and costs as fixed by the Court, and CWC will continue to suffer damages in the future unless Linde's infringing activities are enjoined by this Court.

16.     Unless a permanent injunction is issued enjoining Linde and its agents, servants, employees, representatives, affiliates and all others acting in active concert therewith from infringing the '776 Patent, CWC will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, CWC respectfully requests that this Court enter:

A.     A judgment in favor of CWC that Linde has directly infringed the '739 and '776 Patents;

B.     A permanent injunction enjoining Linde and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '776 Patent, or such other equitable relief the Court determines is warranted;

C.     A judgment and order requiring Linde to pay CWC its damages, costs, expenses, and prejudgment and post-judgment interest for Linde's infringement of the '739 and '776 Patents as provided under 35 U. S. C. § 284, and an accounting of

ongoing post-judgment infringement;

D.      An award to CWC for enhanced damages as provided under 35 U.S.C. § 284;

E.      A judgment and order finding that this is an exceptional case within the meaning

        of 35 U.S.C. § 285 and awarding to CWC its reasonable attorneys' fees; and

F.      Any and all other relief to which CWC may show itself entitled.

## DEMAND FOR JURY TRIAL

CWC, under Rule 38 of the Federal Rules of Civil Procedure, demands a trial by jury on

all issues so triable.

Dated: February 19, 2013                 Respectfully submitted,


By: /s/  *Andrew W. Spangler*
Andrew W. Spangler, TX SB # 24041960
E-mail: spangler@sfipfirm.com
SPANGLER & FUSSELL P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone:  903/753-9300
Facsimile:  903/553-0403

Marc A. Fenster, CA SB # 181067 - LEAD COUNSEL
E-mail: mfenster@raklaw.com
Alexander C. Giza, CA SB #212327
E-mail: agiza@raklaw.com
Adam Hoffman, CA SB #218740
E-mail: ahoffman@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310/826-7474
Facsimile: 310/826-6991

James A. Fussell AR SB # 2003193
E-mail: fussell@sfipfirm.com
SPANGLER & FUSSELL P.C.
211 N. Union Street, Suite 100
Alexandria, Virginia 22314
Telephone:  903/753-9300
Facsimile:  903/553-0403

**Attorneys for Plaintiff**
**CLEAR WITH COMPUTERS, LLC**